# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KIERAN JOSEPH LIEBL, INC. d/b/a ROYAL OAKS DESIGN, INC., ) ) ) ) Plaintiffs, ) ) v. ) ) INDIAN FARM ESTATES, LLC and ) JAMES MARTORILLI, ) ) Defendants. ) ) | Civil Action No. 1:24-cv-11019-NMG |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendants Indian Farm Estates, LLC ("IFE") and James Martorilli ("Martorilli") hereby submit this Motion to Dismiss the Complaint filed by Plaintiff Kieran Joseph Liebl, Inc. d/b/a Royal Oaks Design, Inc. ("Royal Oaks").

The Complaint is filled with bald legal conclusions and relies in many ways on allegations that are based merely on "information and belief." To that end, Royal Oaks has failed to attach documents that it refers to, and incorporates by reference, that undermine many of its factual allegations. When taken in the whole, including a comparison of the copyrighted works (external house renderings and floor plans) as against the renderings and plans actually incorporated into the houses constructed, it is clear that the Complaint must fail as a matter of law. Royal Oaks has not established the content of the copyright work it contends was infringed, it has failed to plead actual copying of its copyrighted works, and it has failed to plead substantial similarity. While the determination of the extent of similarity that will constitute a substantial and hence, infringing,

similarity is traditionally left to the trier of fact, "non-infringement may be decided as a matter of law either [where] the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar." Ascend Learning, LLC v. Bryan, No. 22-cv-11978-ADB, 2023 WL 5279643, at *10 (quoting Harney v. Sony Pictures Television, Inc., 704 F.3d 173, 183 (1st Cir. 2013)). As set forth in the accompanying Memorandum, applying the merger doctrine and the doctrine of scenes a faire, there can be no copyright protection for the copyrighted renderings and floor plans at issue. That is especially true with regard to a specific style of house design – here, a Modern Farmhouse design. For the reasons set forth in the Memorandum, the renderings identified also cannot support a claim for infringement under Section 120(a) of the Architectural Works Copy Protection Act ("AWPCA"), and the timing of the registrations of the copyrighted works bars Royal Oaks from recovering statutory damages.

WHEREFORE, for the reasons stated herein and its accompanying Memorandum in support, Defendants respectfully requests that this Court grant their Motion to Dismiss and dismiss the Complaint in its entirety.

>                             Indian Farm Estates, LLC and James Martorilli,
>                             By their attorney,
>
>                             */s/ Jason W. Morgan*
>                             Jason W. Morgan (BBO# 633802)
>                             jason.morgan@nelsonmullins.com
>                             Nelson Mullins Riley & Scarborough LLP
>                             One Financial Center, Suite 3500
>                             Boston, MA  02111
>                             p. (617) 217-4700
>                             f. (617) 217-4710

Date: July 12, 2024

**LOCAL RULE 7.1(A)(2) CERTIFICATE OF CONFERENCE**

      I hereby certify that counsel for the parties met and conferred on June 19, 2024 and again on June 25, 2024 in an attempt in good faith to resolve or narrow the issues set forth in the Motion to Dismiss, without success.

Date: July 12, 2024                                 */s/ Jason W. Morgan*  
                                                       Jason W. Morgan

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: July 12, 2024                                 */s/ Jason W. Morgan*  
                                                       Jason W. Morgan