# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIERAN JOSEPH LIEBL, INC. d/b/a ROYAL OAKS DESIGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> INDIAN FARM ESTATES, LLC, and JAMES MARTORILLI, <br><br> Defendants. | Case No. 1:24-cv-11019-NMG |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Plaintiff Kieran Joseph Liebl, Inc. d/b/a Royal Oaks Design, Inc. ("ROD") responds to the Defendants' Motion to Dismiss (Doc. Nos. 18-19; the "Motion") as follows:

Although filed as a Rule 12(b)(6) motion, the Motion is facially defective. Rather than treat all the allegations in the Complaint as true and stay within its four corners, Defendants attach over twenty exhibits, most of which are patently extraneous evidence that can be excluded by the Court. *See* Fed. R. Civ. P. 12(d).[1] Similarly, the Motion asserts issues (such as the asserted application of 17 U.S.C.

---

[1] Under Rule 12(d), if the Court does not exclude such extrinsic materials, it would have to treat the Motion as one for summary judgment, and give ROD an opportunity to file a Rule 56 response (which will include a Rule 56(g)(2) request for discovery).

1

§ 120(a)²) that are affirmative defenses not squarely presented by the allegations of the Complaint, and thus cannot form the basis of a Rule 12(b)(6) motion. It further raises legally specious arguments, such as claiming that certificates of copyright registration must be attached to the complaint,³ that merger or *scenes-a-faire* can be raised in a Rule 12(b)(6) motion,⁴ and that a plaintiff must plead what elements of the work are original.⁵

While ROD's Complaint is perfectly adequate, in order to reduce the burden on the Court ROD has now filed a First Amended Complaint⁶ that adds additional detail to its allegations and thus resolves many of the assertions in the Motion, as

---

² *See Designworks Homes, Inc. v. Columbia House of Brokers Realty, Inc.*, 9 F.4th 803, 806 (8th Cir. 2021); *Park v. Skidmore, Owings & Merrill LLP*, No. 17-CV-4473 (RJS), 2019 WL 9228987, at *7 (S.D.N.Y. Sept. 30, 2019); *Davidson v. United States*, 138 Fed. Cl. 159, 162 (Fed. Cl. 2018); *Plan Pros, Inc. v. Joshua, Inc.*, No. CIV 13-4016, 2013 WL 4402357, at *1 (D.S.D. Aug. 14, 2013); *see also Mid-Continent Cas. Co. v. Kipp Flores Architects, L.L.C.*, 602 F. App'x 985, 998 (5th Cir. 2015) (referencing "Mid-Continent's § 120(a) defense").

³ *Contra*, *Phoenix Ent. Partners, LLC v. Gulfcoast Spirits, LLC*, No. 3:17-CV-967-MCR-EMT, 2019 WL 8161158, at *4 (N.D. Fla. Jan. 2, 2019) (collecting cases).

⁴ *Contra*, *Rassamni v. Fresno Auto Spa, Inc.*, 365 F. Supp. 3d 1039 (E.D. Cal. 2019).

⁵ *Contra*, *Glenntex, Inc. v. Drennan Day Custom Homes, Inc.*, No. 1:18-CV-973-LY, 2019 WL 6251455, op. at 2-3 (W.D. Tex. Nov. 21, 2019) (collecting cases), *report and recommendation adopted*, No. 1:18-CV-973-LY, 2019 WL 13150084 (W.D. Tex. Dec. 11, 2019).

⁶ As this amended pleading was filed within 21 days of service of the Motion, it was authorized as an amendment of course under Rule 15(a)(1)(B).

well as making the Motion moot.⁷ For instance, much of Defendants' Motion revolves around their extrinsic claim that they copied the materials at issue not from ROD but instead from the website of a company called Archival Design, asserting that fact somehow justifies Defendants' admitted use of ROD's architectural works.⁸ ROD's First Amended Complaint now details the relevant facts: Archival Designs is an authorized ROD vendor, which advertises ROD's designs on its website and forwards orders for licenses it receives to ROD for fulfillment, and that Defendants never purchased any license for any of the works in suit. Defendants' copying of ROD's architectural works and PGS Works from Archival Designs does not "whitewash" Defendants' infringement to somehow become a permissible use.

Additionally, ROD has now received Certificates of Registration covering most of the PGS Works identified in the Complaint. As ROD advised the Court it would,⁹ ROD has added additional infringement claims for those PGS Works.

WHEREFORE, Plaintiff Kieran Joseph Liebl, Inc. d/b/a Royal Oaks Design, Inc. prays this Court deny the Motion as moot, and for such and other relief as it may be entitled.

---

⁷ See *Sanchez v. KHBJR Enter. LLC*, No. SA-17-CV-00811-DAE, 2017 WL 10841345 (W.D. Tex. Nov. 15, 2017) (collecting cases).

⁸ Defendants' former counsel has admitted such use in writing. *See* ROD's Complaint (ECF No. 1) p.15 ¶ 66.

⁹ *See* ROD's Complaint (ECF No. 1) p.4 n.1.

Respectfully submitted,

By: */s/ Louis K. Bonham*
Louis K. Bonham
(admitted *pro hac vice*)
Texas Bar No. 02597700
OSHA BERGMAN WATANABE
& BURTON LLP
1100 Louisiana Street, Suite 4900
Houston, Texas 77002
713.228.8600
*bonham@obwb.com*


*/s/ Jeffrey S. Baker*
Jeffrey S. Baker, Esq.
Baker and Assocs.
Suite 100
2 W Hill Pl
Boston MA 02114
617 953 6747
BBO#544929
Bakerlaw@aol.com

**Counsel for Plaintiff,
Kieran Joseph Liebl, Inc.,
d/b/a Royal Oaks Design, Inc.**


## CERTIFICATE OF SERVICE

I certify that on July 24, 2024, a true and correct copy of the foregoing instrument was served on counsel of record via the Court's ECF system.

*/s/ Louis K. Bonham*
Louis K. Bonham