UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| |
|---|
| KIERAN JOSEPH LIEBL, INC. d/b/a ROYAL OAKS DESIGN, INC., |
| Plaintiff, |
| v. |
| INDIAN FARM ESTATES, LLC and JAMES MARTORILLI, |
| Defendants. |

Civil Action No. 1:24-cv-11019

## ANSWER AND AFFIRMATIVE DEFENSES OF INDIAN FARM ESTATES, LLC AND JAMES MARTORILLI TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Indian Farm Estates, LLC and James Martorilli (collectively, the "Defendants") respond to the First Amended Complaint (the "Complaint") filed by Plaintiff Kieran Joseph Liebl, Inc. d/b/a Royal Oaks Design, Inc. ("Plaintiff") as follows:

[Unnumbered Paragraph].  The allegations contained in the first unnumbered paragraph of the Complaint set forth (i) the Plaintiff's demand for relief to which no response is required; and (ii) legal conclusions to which no response is required.

## PARTIES, JURISDICTION, AND VENUE

1.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      The Defendants admit that IFE is a Massachusetts limited liability company.  The remaining allegations in Paragraph 2 set forth legal conclusions to which no response is required.

3.      The Defendants admit that Martorilli lives in Massachusetts.  The remaining allegations in Paragraph 3 set forth legal conclusions to which no response is required.

4.     The allegations contained in Paragraph 4 of the Complaint set forth legal conclusions to which no response is required.

5.     The allegations contained in Paragraph 5 of the Complaint set forth legal conclusions to which no response is required.

## FACTUAL BACKGROUND

6.     The allegations contained in Paragraph 6 of the Complaint set forth legal conclusions to which no response is required.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.     The allegations contained in Paragraph 7 of the Complaint set forth legal conclusions to which no response is required.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.  To the extent Plaintiff is referring to a document in Paragraph 8 of the Complaint, the document speaks for itself, and the Defendants deny any allegations inconsistent therewith.

9.     The allegations contained in Paragraph 9 of the Complaint set forth legal conclusions to which no response is required.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.     The allegations contained in Paragraph 10 of the Complaint set forth legal conclusions to which no response is required.  Defendants are otherwise without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.    The allegations contained in Paragraph 11 of the Complaint set forth legal conclusions to which no response is required.

12.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.    The allegations contained in Paragraph 14 of the Complaint set forth legal conclusions to which no response is required.  Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    The allegations contained in Paragraph 15 of the Complaint set forth legal conclusions to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the mind and creativity of the persons alleged.  Defendants otherwise deny the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    The allegations contained in Paragraph 16 of the Complaint set forth legal conclusions to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the work, imagination, and creativity of the persons alleged.  Defendants otherwise deny the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     The allegations contained in Paragraph 17 of the Complaint set forth legal conclusions to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the decisions made by the persons alleged.  Defendants otherwise deny the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     The allegations contained in Paragraph 18 of the Complaint set forth legal conclusions to which no response is required.  Defendants otherwise deny the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     The allegations contained in Paragraph 19 of the Complaint set forth legal conclusions to which no response is required.  Defendants otherwise deny the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     The allegations contained in Paragraph 20 of the Complaint set forth legal conclusions to which no response is required.  To the extent that Defendants are alleging that the ideas alleged are subject to copyright protection, Defendants deny the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     The allegations contained in Paragraph 21 of the Complaint set forth legal conclusions to which no response is required.  Defendants otherwise deny the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     The allegations contained in Paragraph 22 of the Complaint set forth legal conclusions to which no response is required.  To the extent that Defendants are alleging that the "PGS Works" are subject to copyright protection, Defendants deny the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     The allegations contained in Paragraph 23 of the Complaint set forth legal conclusions to which no response is required.  To the extent that Defendants are alleging that the "PGS Works" are subject to copyright protection, Defendants deny the truth of the allegations contained in Paragraph 23 of the Complaint.

24.     The allegations contained in Paragraph 24 of the Complaint set forth legal conclusions to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether PGS Works were copied from others.  Defendants otherwise deny the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29.     The allegations contained in Paragraph 29 of the Complaint set forth legal conclusions to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the work, imagination, and creativity of the persons alleged.  Defendants otherwise deny the truth of the allegations contained in Paragraph 16 of the Complaint.

30.     The allegations contained in Paragraph 30 of the Complaint set forth legal conclusions to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the decisions made by the persons alleged.  Defendants otherwise deny the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     The allegations contained in Paragraph 31 of the Complaint set forth legal conclusions to which no response is required.  Defendants otherwise deny the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     The allegations contained in Paragraph 32 of the Complaint set forth legal conclusions to which no response is required.  Defendants otherwise deny the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     The allegations contained in Paragraph 33 of the Complaint set forth legal conclusions to which no response is required.  To the extent that Defendants are alleging that the ideas alleged are subject to copyright protection, Defendants deny the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     The allegations contained in Paragraph 34 of the Complaint set forth legal conclusions to which no response is required.  Defendants otherwise deny the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     The allegations contained in Paragraph 35 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 35 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.

36.     The allegations contained in Paragraph 36 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 36 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.

37.     The Defendants admit that EFE is a developer and developing a project in Hudson, Massachusetts called Indian Farm Estates.  The Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38.     The allegations contained in Paragraph 38 of the Complaint set forth legal conclusions to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 38 of the Complaint.

39.     The allegations contained in Paragraph 39 of the Complaint set forth legal conclusions to which no response is required.  To the extent that Plaintiffs are alleging that the Defendants engaged in illegal or improper behavior, the Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     The Defendants admit that Martorilli is the owner of IFE.  The remaining allegations contained in Paragraph 40 of the Complaint set forth legal conclusions to which no response is required.  The allegations contained in Paragraph 40 of the Complaint are vague and ambiguous as to the "all of its activities, including those complained of in this lawsuit," and the Defendants request more specificity as to those allegations.

41.     The Defendants admit that Martorilli is the sole Manager of IFE.  The remaining allegations contained in Paragraph 41 of the Complaint set forth legal conclusions to which no response is required.

42.     Denied.

43.     The Defendants admit that they accessed certain materials from the Archival Designs website.  The Defendants otherwise deny the allegation contained in Paragraph 43 of the Complaint.

44.     The Defendants admit that they did not purchase a license from Archival Designs in April 2021.  The Defendants otherwise deny the allegation contained in Paragraph 44 of the Complaint.

45.     The allegations contained in Paragraph 45 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants admit that ROD provided no authorizations to IFE in April 2021.  The Defendants otherwise deny the allegation contained in Paragraph 45 of the Complaint.

46.     The document referred to in Paragraph 46 of the Complaint is a document that speaks for itself, and the Defendants deny any allegations inconsistent therewith.

47.     The document referred to in Paragraph 47 of the Complaint is a document that speaks for itself, and the Defendants deny any allegations inconsistent therewith.

48.     The allegations contained in Paragraph 48 of the Complaint are vague and ambiguous, and the Defendants request more specificity as to those allegations.  The Defendants otherwise deny the allegation contained in Paragraph 48 of the Complaint.

49.     The allegations contained in Paragraph 49 of the Complaint are vague and ambiguous, and the Defendants request more specificity as to those allegations.  The Defendants otherwise deny the allegation contained in Paragraph 49 of the Complaint.

50.     The allegations contained in Paragraph 50 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to a document in Paragraph 50 of the Complaint, the document speaks for itself, and the Defendants deny any

allegations inconsistent therewith.  The Defendants otherwise deny the allegation contained in Paragraph 50 of the Complaint.

51.     The allegations contained in Paragraph 51 of the Complaint set forth legal conclusions to which no response is required.  The Defendants otherwise deny the allegation contained in Paragraph 51 of the Complaint.

52.     The allegations contained in Paragraph 52 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 52 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     The allegations contained in Paragraph 53 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 53 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     The allegations contained in Paragraph 54 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 54 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     The allegations contained in Paragraph 55 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 55 of the Complaint, the documents speak for themselves, and the Defendants deny any

allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.    The allegations contained in Paragraph 56 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 56 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.    The allegations contained in Paragraph 57 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 57 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.    The allegations contained in Paragraph 58 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.    The allegations contained in Paragraph 59 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants admit that ROD provided no authorizations to IFE in April 2021.  The Defendants otherwise deny the allegation contained in Paragraph 59 of the Complaint.

60.    The allegations contained in Paragraph 60 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     The allegations contained in Paragraph 61 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     The Defendants admit that construction drawings were used to build houses at the Indian Farms development.   The Defendants deny the remaining allegations contained in Paragraph 62 of the Complaint.

63.     The Defendants admit that construction drawings were used to build houses at the Indian Farms development.   The Defendants deny the remaining allegations contained in Paragraph 63 of the Complaint.

64.     The allegations contained in Paragraph 64 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     The allegations contained in Paragraph 65 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants admit that ROD provided no authorizations to IFE in April 2021.  The Defendants otherwise deny the allegation contained in Paragraph 65 of the Complaint.

66.     The allegations contained in Paragraph 66 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     The Defendants admit that construction drawings were used to build houses at the Indian Farms development.   The Defendants deny that these construction drawings were "infringing" plans, as that term is used by the Plaintiff, and otherwise deny the allegations in Paragraph 67 of the Complaint.

68.     The allegations contained in Paragraph 68 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 68 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     The allegations contained in Paragraph 69 of the Complaint set forth legal conclusions to which no response is necessary.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     The allegations contained in Paragraph 70 of the Complaint set forth legal conclusions to which no response is necessary

71.     The allegations contained in Paragraph 71 of the Complaint set forth legal conclusions to which no response is necessary.

72.     Admitted.

73.     The allegations contained in Paragraph 73 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     The allegations contained in Paragraph 74 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     The allegations contained in Paragraph 75 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     To the extent Plaintiff is referring to a document in Paragraph 76 of the Complaint, the document speaks for itself, and the Defendants deny any allegations inconsistent therewith. To the extent a response is necessary, the Defendants the allegations contained in Paragraph 76 of the Complaint.

77.     The allegations contained in Paragraph 77 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     The allegations contained in Paragraph 78 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     The allegations contained in Paragraph 79 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     The allegations contained in Paragraph 80 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 80 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     The allegations contained in Paragraph 81 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 81 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     The allegations contained in Paragraph 82 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 82 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     To the extent Plaintiff is referring to documents in Paragraph 83 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84.     The allegations contained in Paragraph 84 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     The allegations contained in Paragraph 85 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     To the extent Plaintiff is referring to documents in Paragraph 86 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87.     The allegations contained in Paragraph 87 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in

Paragraph 87 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     The allegations contained in Paragraph 88 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 88 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     The allegations contained in Paragraph 89 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 89 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     The allegations contained in Paragraph 90 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to documents in Paragraph 90 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     The allegations contained in Paragraph 91 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants admit that ROD gave no authorizations.  The Defendants otherwise deny the remaining allegations contained in Paragraph 91 of the Complaint.

92.     The allegations contained in Paragraph 92 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     The allegations contained in Paragraph 93 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Denied.

95.     Admitted.

96.     The allegations contained in Paragraph 96 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.     To the extent Plaintiff is referring to documents in Paragraph 97 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants admit that IFE received communications from the Plaintiff dated December 3, 2022 and December 6, 2022; the Defendants deny the allegations contained in those communications.

98.     To the extent Plaintiff is referring to documents in Paragraph 98 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants deny Plaintiff's allegation that Mr. Prisby did not substantively respond to the Plaintiff.

99.     The Defendants admit that IFE sold the house at #12 Indian Farm Road for $1,166,299.  The Defendants otherwise deny the allegations in Paragraph 99 of the Complaint.

100.   The allegations contained in Paragraph 100 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.   The allegations contained in Paragraph 101 of the Complaint set forth legal conclusions to which no response is required.  To the extent Plaintiff is referring to a document in Paragraph 101 of the Complaint, the document speaks for itself, and the Defendants deny any allegations inconsistent therewith.

102.   Denied.

103.   The allegations contained in Paragraph 103 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.   To the extent Plaintiff is referring to documents in Paragraph 104 of the Complaint, the documents speak for themselves, and the Defendants deny any allegations inconsistent therewith.  To the extent a response is necessary, the Defendants admit that IFE received a communication from the Plaintiff dated January 31, 2023; the Defendants deny the allegations contained in the communications.

105.   The Defendants admit that IFE sold the house at #5 Indian Farm Road for $1,154,900.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 of the Complaint.

106.   The allegations contained in Paragraph 106 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants

are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.    The allegations contained in Paragraph 107 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    The allegations contained in Paragraph 108 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.    The allegations contained in Paragraph 109 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.    The allegations contained in Paragraph 110 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    The Defendants repeat and incorporate all of their responses contained in Paragraphs 1 through 110 set forth above, as well as their response to the first unnumbered paragraph of the Complaint. The remaining allegations contained in Paragraph 111 of the Complaint set forth (i) the Plaintiff's demand for relief to which no response is required; and (ii) legal conclusions to which no response is required.

112.    Paragraph 112 of the Complaint sets forth how the Plaintiff will define a term in the Complaint, and as such, no response is required. To the extent a response is necessary, the Defendants deny that works identified in Paragraph 112 of the Complaint were "infringing" works, as that term is used by the Plaintiff. To the extent a response is necessary, the documents referred

to by the Plaintiff in Paragraph 112 of the Complaint speak for themselves, and the Defendants deny any allegations inconsistent therewith.

113.    The allegations contained in Paragraph 113 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.    The allegations contained in Paragraph 114 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.    The allegations contained in Paragraph 115 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.    The allegations contained in Paragraph 116 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.    The allegations contained in Paragraph 117 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.    The allegations contained in Paragraph 118 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.    The allegations contained in Paragraph 119 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.     The allegations contained in Paragraph 120 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.     The allegations contained in Paragraph 121 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.     The allegations contained in Paragraph 122 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.     The allegations contained in Paragraph 123 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.     The allegations contained in Paragraph 124 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.     The allegations contained in Paragraph 125 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.     The allegations contained in Paragraph 126 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.    The allegations contained in Paragraph 127 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.    The allegations contained in Paragraph 128 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.    The allegations contained in Paragraph 129 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.    The allegations contained in Paragraph 130 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.    The allegations contained in Paragraph 131 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    The allegations contained in Paragraph 132 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    The Defendants repeat and incorporate all of their responses contained in Paragraphs 1 through 132 set forth above, as well as their response to the first unnumbered paragraph of the Complaint.  The remaining allegations contained in Paragraph 133 of the Complaint set forth (i) the Plaintiff's demand for relief to which no response is required; and (ii) legal conclusions to which no response is required.

134.    The allegations contained in Paragraph 134 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.    The allegations contained in Paragraph 135 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.    The allegations contained in Paragraph 136 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.    The allegations contained in Paragraph 137 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.    The allegations contained in Paragraph 138 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.    The allegations contained in Paragraph 139 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.    The allegations contained in Paragraph 140 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.    The allegations contained in Paragraph 141 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.    The allegations contained in Paragraph 142 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.    The allegations contained in Paragraph 143 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.    The allegations contained in Paragraph 144 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145.    The allegations contained in Paragraph 145 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 145 of the Complaint.

## **JURY DEMAND**

146.    The allegations contained in Paragraph 146 of the Complaint set forth the Plaintiff's demand for a jury trial to which no response is required.

The allegations contained in the "WHEREFORE" clause following Paragraph 146 of the Complaint set forth the Plaintiff's demand for relief to which no response is required.  To the extent a response is required, the Defendants deny that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause following Paragraph 146 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted, and its claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations, or by the doctrines of waiver, estoppel, ratification, and laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff forfeited any alleged copyrights in materials referred to in the Complaint by its failure to affix notices of its alleged copyrights.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred from recovery by its own acts, omissions, and course of conduct.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced because Defendants were justified in engaging in the conduct, if any, alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

At all times relevant to the Complaint, Defendants' conduct was in good faith with nonwillful intent.

*EIGHTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any losses, damages or detriments, in any sum or amount, as a result of Defendants' activities as alleged in the Complaint.

*NINTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff has suffered any losses, damages, or detriments, in any sum or amount, such harm was caused by the intentional or negligent acts, omissions, or misconduct of others, including Plaintiff and Plaintiff's agents.

*TENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred to the extend that it has failed to mitigate its damages, if any, in whole or in part.

*ELEVENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred to the extent that it has failed to name an indispensable party.

*TWELFTH AFFIRMATIVE DEFENSE*

The Defendants reserve the right to assert additional defenses which cannot now be articulated due to Plaintiff's failure to particularize its claims; or due to the fact that the Defendants do not have copies of critical documents bearing on Plaintiff's claims; or due to Plaintiff's failure to provide more specific information concerning the nature of the underlying claims against the Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, the Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff by granting the following relief:

i.       Dismissal of Plaintiff's Complaint with prejudice as to the Defendants;

ii.     Awarding reasonable attorneys' fees and costs incurred by the Defendants to defend this matter as permitted by law or equity; and

iii.    Such other further relief as this Court deems just and appropriate.

## JURY DEMAND

The Defendants demand a trial by jury.

Respectfully Submitted,

INDIAN FARM ESTATES, LLC and JAMES MARTORILLI,

By their counsel,

August 15, 2024                  /s/ Jason W. Morgan
                                 Jason W. Morgan (BBO #633802)
                                 Nelson Mullins Riley & Scarborough LLP
                                 One Financial Center, Suite 3500
                                 Boston, Massachusetts 02111
                                 Telephone: (617) 217-4621
                                 Facsimile: (617) 217-4710
                                 jason.morgan@nelsonmullins.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: August 15, 2024            /s/ Jason W. Morgan