United States District Court
District of Massachusetts

```
_____
                                )
KIERNAN JOSEPH LIEBL, INC.      )
                                )
        Plaintiff.              )
                                )
        v.                      )   Civil Action No.
                                )   24-11019-NMG
INDIAN FARM ESTATES LLC et al.  )
                                )
        Defendants.             )
                                )
_____
```

MEMORANDUM & ORDER

GORTON, J.

This action was filed based on allegations of unlawful use and reproduction of copyrighted architectural designs. Pending before the Court is the motion of plaintiff, Kiernan Joseph Liebl, Inc., d.b.a. Royal Oaks Design ("plaintiff"), to strike certain responses and affirmative defenses in the answer of defendants Indian Farm Estates LLC ("Indian Farm") and James Martorilli ("Martorilli") (collectively, "defendants"). For the reasons that follow, the motion will be allowed, in part, and, denied, in part.

I. **Background**

Plaintiff, a Minnesota corporation, is a building design firm that creates and holds copyrights to certain architectural designs. Indian Farm, a Massachusetts limited liability company, is a real estate developer owned by Martorilli.

Plaintiff alleges that defendants, without authorization, reproduced some of the designs on which plaintiff holds the copyright as part of their own real estate development.

In April, 2024, plaintiffs filed suit against defendants in this Court. Plaintiffs subsequently filed an amended complaint alleging copyright infringement in violation of 17 U.S.C. § 501 and violations of the Digital Millenium Copyright Act under 17 U.S.C. § 1202(a). Defendants answered, for the most part, that plaintiff's allegations were "legal conclusion[s] to which no answer is required" or by referencing a document that "speaks for itself."

The answer also raised 12 affirmative defenses, claiming that 1) plaintiff failed to state a claim, 2) plaintiff's claims are barred by the statute of limitations, 3) plaintiff failed to affix notices of the alleged copyrights, 4) the claims are barred by plaintiff's own actions and omissions, 5) plaintiff's claims are barred by the doctrine of unclean hands, 6) defendants' conduct was justified, 7) defendants' conduct was in good faith, 8) plaintiff suffered no loss, 9) plaintiff was negligent, 10) plaintiff failed to mitigate, 11) plaintiff failed to name an indispensable party, and 12) reserving the right to raise other defenses that could not then be raised.

Now, plaintiff moves to strike defendants' answer in so far as it states plaintiff's allegations are "legal conclusion[s]"

or refer to a document that "speaks for itself". Plaintiff also moves to strike affirmative defenses 3, 6, 7, 8, 9, and 11.

## II. Legal Standard

A motion to strike under Fed. R. Civ. P. 12(f) provides courts "considerable discretion" to strike "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988). Although such motions are disfavored, they can be useful for clarifying or narrowing issues in a case. F.D.I.C. v. Gladstone, 44 F. Supp. 2d 81, 85 (D. Mass. 1999).

## III. Analysis

### A. Nonresponsive Answers

Motions to strike answers that state an allegation is a "legal conclusion to which no answer is required" or that refer to a document that "speaks for itself" present a novel question to the Court.

Fed. R. Civ. P. 8(b), which governs an answer's sufficiency, requires a party to "admit or deny the allegations asserted against it" in a complaint or to state that it "lacks knowledge or information sufficient to form a belief" as to whether the allegation is true or not. Thus, by its plain text, Rule 8(b) limits a party to three choices: admit, deny, or claim lack of knowledge either to admit or deny. Nothing in Rule 8(b)

permits a party to refuse to respond to an allegation because it purportedly is a "legal conclusion" or "speaks for itself."

Although neither the First Circuit nor other sessions of this Court have decided whether such responses violate Rule 8(b), many other federal courts find that they do. See, e.g., N. Ind. Metals v. Iowa Exp., Inc., No. 2:07-CV-414-PRC, 2008 WL 2756330, at *3 (N.D. Ind. July 10, 2008) ("[A] responsive pleading indicating that a document 'speaks for itself' [or] . . . . a response that an allegation 'is a legal conclusion' . . . is insufficient. (citing Fed. R. Civ. P. 8(b)); State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001) (same); see also, e.g., Clarendon Am. Ins. Co. v. All Bros. Painting, Inc., No. 6:13-CV-934-ORL-22, 2013 WL 5921538, at *3 (M.D. Fla. Nov. 4, 2013) (collecting cases). These cases persuasively rely on the plain text of Rule 8(b), which permits no such prevarication in a party's responses to a complaint, and the Supreme Court's general view on complaints as documents that inherently combine both factual and legal allegations. N. Ind. Metals, 2008 WL 2756330, at *3 (quoting Denton v. Hernandez, 504 U.S. 25, 31 (1992)); State Farm Mut. Auto. Ins. Co., 199 F.R.D. at 278 (citing Denton, 504 U.S. at 31).

Based on such authority, the Court finds that defendants' responses to the allegations in plaintiff's amended complaint which either demur that an allegation is a "legal conclusion"

- 4 -

that requires no response or that refer to a document that purportedly "speaks for itself" are insufficient to satisfy the requirements of Rule 8(b). See N. Ind. Metals, 2008 WL 2756330, at *3 (citing McGrath v. Godshalk, No. 07 CV 34, 2007 WL 2746865, at *12 (N.D. Ind. Sept. 18, 2007)); State Farm Mut. Auto. Ins. Co., 199 F.R.D. at 278.

The Court will therefore strike all non-compliant portions of defendant's answer but afford defendants an opportunity to file an amended answer in compliance with Rule 8(b). Accord N. Ind. Metals, Inc., 2008 WL 2756330, at *5 (allowing opportunity to amend after granting motion to strike).

**B. Affirmative Defenses**

Motions to strike affirmative defenses are generally disfavored and are allowed only when a plaintiff establishes that it is "beyond cavil that the defendant[] could not prevail" on the defense raised. Bio-Vita, Ltd. v. Rausch, 759 F. Supp. 33, 39 (D. Mass. 1991); Honeywell Consumer Prods. v. Windmere Corp., 993 F. Supp. 22, 24 (D. Mass. 1998) (quoting Coolidge v. Judith Gap Lumber Co., 808 F. Supp. 889, 893 (D. Me. 1992)) (alteration in original). Even then, motions to strike defenses are "rarely granted absent a showing of prejudice to the moving party." Zurich Am. Ins. Co. v. Watts Regulator Co., 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (quoting Hayes v. McGee, No. 10-cv-40095, 2011 WL 39341, at *2 (D. Mass. Jan. 6, 2011)).

Here, plaintiff move to strike affirmative defenses 3, 6, 7, 8, 9, and 11. Defendants do not directly oppose striking defenses 3, 9, and 11. The Court therefore accepts this as a concession from defendants that they could not prevail on these defenses. See Honeywell Consumer Prods., 993 F. Supp. a 24.

As to affirmative defense 6, justification for copyright infringement, plaintiff argues it is inviable because no such defense exists. The few courts that have addressed it appear to question whether such a defense is possible. See, e.g., Michael Grecco Prods., Inc. v. Livingly Media, Inc., No. CV 20-0151 DSF (JCX), 2021 WL 2546749, at *14 (C.D. Cal. Apr. 16, 2021) (doubting whether justification defense "ever would apply to a copyright infringement action"). Mere doubt that justification is a defense does not, however, give rise to a finding that it is "beyond cavil that the defendant[] could not prevail" on it. Honeywell Consumer Prods., 993 F. Supp. at 24.

Plaintiff next posits that the affirmative defenses 7 and 8, that plaintiff suffered no damage and that defendants acted in good faith, are not affirmative defenses at all. On this point, the Court agrees. While damages are an issue under copyright law, see 17 U.S.C. § 501, a valid copyright infringement claim requires neither proof of intent nor damages, only proof that 1) the defendant copied the plaintiff's copyrighted word and 2) that such copying was so extensive that

it made the infringing work substantially similar to the copyrighted one. Yankee Candle Co. v. Bridgewater Candle Co., LLC, 259 F.3d 25, 33 (1st Cir. 2001). As such, there can be no doubt that a lack of damage to the plaintiff or a lack of bad intent by the defendant, even if true, could in no circumstance defeat an otherwise potentially viable copyright claim. See Honeywell Consumer Prods., 993 F. Supp. at 24; accord Davis v. The Gap, Inc., 246 F.3d 152, 158 (2d Cir. 2001), as amended (May 15, 2001) ("The existence of damages suffered is not an essential element of a claim for copyright infringement."); Monge v. Maya Mags., Inc., 688 F.3d 1164, 1170 (9th Cir. 2012) ("[T]he innocent intent of the defendant constitutes no defense to [copyright] liability.").

Defendants rejoin that, even assuming that some of the challenged defenses are not viable, they should not be stricken because plaintiff failed to show prejudice sufficient to warrant a motion to strike. While the Court agrees that plaintiff has presented little to satisfy the prejudice requirement, the facts here are enough, based on existing case law, to merit a finding of prejudice. In S.E.C. v. Northern, 400 F. Supp. 2d 362 (D. Mass. 2005), for example, this Court found prejudice sufficient to warrant striking affirmative defenses even though plaintiff did little to point out specific instances where the inviable defense would cause it harm. Id. at 367. Nevertheless, this

Court allowed the motion, concluding that uncontroverted evidence that a defense was inviable and thus would require the plaintiff to waste time and resources during discovery was sufficient to merit striking it. Id. Here, as in Northern, further discovery on the issue of damages or good faith will do nothing to change the fact that good intent and lack of damages are not, nor could they be, a viable defense to a copyright claim. Id.; see Gov't Emps. Ins. Co. v. Barron Chiropractic & Rehab., P.C., No. 16-CV-10642-ADB, 2018 WL 1640044, at *1 (D. Mass. Apr. 5, 2018) (applying Northern in favor of granting motion to strike); PetEdge, Inc. v. Yahee Techs. Corp., No. 1:15-CV-13171-ADB, 2017 WL 1702276, at *2 (D. Mass. May 2, 2017) (same). Affirmative defenses 3, 7, 8, 9, and 11 will therefore be stricken.

### ORDER

For the foregoing reasons,

1) plaintiff's motion to strike aspects of defendants' answer that fail to comply with Rule 8(b) is **ALLOWED**;

2) plaintiff's motion to strike affirmative defenses in defendants' answer is, as to defenses 3, 7, 8, 9, and 11, **ALLOWED** but otherwise **DENIED**; and

3) defendants' request for attorneys' fees is **DENIED**.

Defendants are hereby directed to file an amended answer on or before November 18, 2024, in compliance with Rule 8(b).

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: October 28, 2024