UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIERAN JOSEPH LIEBL, INC. d/b/a<br>ROYAL OAKS DESIGN, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>INDIAN FARM ESTATES, LLC and JAMES<br>MARTORILLI,<br><br>            Defendants. | Civil Action No. 1:24-cv-11019 |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF INDIAN FARM ESTATES, LLC AND JAMES MARTORILLI TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Indian Farm Estates, LLC and James Martorilli (collectively, the "Defendants") respond to the First Amended Complaint (the "Complaint") filed by Plaintiff Kieran Joseph Liebl, Inc. d/b/a Royal Oaks Design, Inc. ("Plaintiff") as follows:

[Unnumbered Paragraph].  The allegations contained in the first unnumbered paragraph of the Complaint set forth the Plaintiff's demand for relief to which no response is required.  To the extent a response is necessary, the Defendants deny the allegations contained in the first unnumbered paragraph of the Complaint.

**PARTIES, JURISDICTION, AND VENUE**

1. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Admitted.

3. Admitted.

4. Admitted.

5.      Admitted.

## FACTUAL BACKGROUND

6.      The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.     Denied.

11.     The Defendants admit that the Plaintiff cited the <u>Feist</u> case.  The remaining allegations in Paragraph 11 of the Complaint are denied.

12.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     The Defendants deny that there were any protectible creative decisions in the alleged designs.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Denied.

16. The Defendants deny that there were any protectible products of creativity in the alleged designs. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint.

17. The Defendants deny that there were any protectible creative decisions in the alleged designs. The Defendants admit that there exist floorplans and renderings of designs at issue. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint.

18. Denied.

19. Denied.

20. The Defendants deny that there were any protectible creative decisions in the alleged designs. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21. Denied.

22. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Denied.

25. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. The Defendants deny that there were any protectible creative decisions in the alleged designs. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint.

30. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Denied.

32. Denied.

33. The Defendants deny that there were any protectible creative decisions in the alleged designs. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint.

34. Denied.

35. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Admitted.

38. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. The Defendants deny that the allegations against them in the Complaint constitute illegal or improper conduct. The Defendants lack knowledge or information sufficient to form a belief as to whether IFE would be considered a sophisticated real estate developer in the context alleged and/or whether there existed reasonable grounds to have the knowledge alleged.

40. Admitted.

41. Admitted.

42. Denied.

43. The Defendants admit that they accessed certain materials from the Archival Designs website. The Defendants otherwise deny the allegations contained in Paragraph 43 of the Complaint.

44. The Defendants admit that they did not purchase a license from Archival Designs in April 2021. The Defendants otherwise deny the allegation contained in Paragraph 44 of the Complaint.

45. The Defendants admit that ROD provided no authorizations to IFE in April 2021. The Defendants otherwise deny the allegation contained in Paragraph 45 of the Complaint.

46. The Defendants admit that IFE wrote to Nash Quadir on April 29, 2021 and that the quotes phrased in the Complaint exist in that writing. The Defendants deny that IFE identified each of the Architectural Works, as that term is used in the Complaint, in this April 29, 2021 correspondence.

47. The Defendants admit that IFE wrote to Advantage Property Team, LLC on August 28, 2021. The remaining allegations contained in Paragraph 47 of the Complaint are vague and ambiguous, and the Defendants request more specificity as to those allegations. The Defendants otherwise deny the allegations contained in Paragraph 47 of the Complaint.

48. Denied.

49. Denied.

50. The Defendants admit that Martorilli purchased a license in June 2022 via an order through Archival Design, and that the language referenced in Paragraph 50 of the Complaint is contained in the license. The Defendants deny that the paraphrased language in Paragraph 50 of the Complaint contains all of the terms of the license.

51. Denied.

52. The Defendants admit that IFE had renderings and floorplan drawings for a design called "Juniper." The Defendants deny the remaining allegations contained in Paragraph 52 of the Complaint.

53. The Defendants admit that IFE had renderings and floorplan drawings for a design called "Walnut." The Defendants deny the remaining allegations contained in Paragraph 53 of the Complaint.

54. The Defendants admit that IFE had renderings and floorplan drawings for a design called "Maple." The Defendants deny the remaining allegations contained in Paragraph 54 of the Complaint.

55. The Defendants admit that IFE had renderings and floorplan drawings for a design called "Willow." The Defendants deny the remaining allegations contained in Paragraph 55 of the Complaint.

56. The Defendants admit that IFE had renderings and floorplan drawings for a design called "Fern." The Defendants deny the remaining allegations contained in Paragraph 56 of the Complaint.

57. The Defendants admit that IFE had renderings and floorplan drawings for Lot 14. The Defendants deny the remaining allegations contained in Paragraph 57 of the Complaint.

58. Denied.

59. The Defendants admit that ROD provided no authorizations to IFE in April 2021. The Defendants otherwise deny the allegations contained in Paragraph 59 of the Complaint.

60. Denied.

61. Denied.

62. The Defendants admit that construction drawings were used to build houses at the Indian Farms development. The Defendants deny the remaining allegations contained in Paragraph 62 of the Complaint.

63. The Defendants admit that construction drawings were used to build houses at the Indian Farms development. The Defendants deny the remaining allegations contained in Paragraph 63 of the Complaint.

64. Denied.

65. The Defendants admit that ROD provided no authorizations to IFE in April 2021. The Defendants otherwise deny the allegation contained in Paragraph 65 of the Complaint.

66. Denied.

67. The Defendants admit that construction drawings were used to build houses at the Indian Farms development. The Defendants deny that these construction drawings were "infringing" plans, as that term is used by the Plaintiff, and otherwise deny the allegations in Paragraph 67 of the Complaint.

68. Denied.

69. Denied.

-8-

70. Denied.

71. Denied.

72. Admitted.

73. Denied.

74. Admitted.

75. Denied.

76. The Defendants admit that IFE has a document entitled, "Homesite Reservation Agreement," which includes the quoted statement. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 76.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. The Defendants admit that ROD gave no authorizations. The Defendants otherwise deny the remaining allegations contained in Paragraph 91 of the Complaint.

92. Denied.

93. Denied.

94. Admitted.

95. Denied.

96. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97. The Defendants admit that IFE received communications from the Plaintiff dated December 3, 2022 and December 6, 2022; the Defendants deny the allegations contained in those communications.

98. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that on December 14, 2022, Edward Prisby contacted ROD, and the Defendants likewise lack knowledge or information to admit or deny allegations concerning the substance of any such communication by Edward Prisby on December 14, 2022. The Defendants deny the remaining allegations contained in Paragraph 98 of the Complaint.

99. The Defendants admit that IFE sold the house at #12 Indian Farm Road for $1,166,299. The Defendants otherwise deny the allegations in Paragraph 99 of the Complaint.

100. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101. The Defendants admit that Mr. Prisby sent a letter on January 18, 2023 stating that, "[d]esign works CL-20-003 and CL-20-012 inadvertently were used in the construction of 5 and

14 Indian Farm Road and 7 and 12 Indian Farm Road, respectively," and that "[CL-18-006 and CL-18-016] were briefly advertised as home style options on-line, but were never built, were never requested to be build and no sets of plans had ever been created."

102. The Defendants admit that IFE sold 10 Indian Farm Road for $949,750 on January 19, 2023. The Defendants deny the remaining allegations contained in Paragraph 102 of the Complaint.

103. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104. The Defendants admit that IFE received a communication from the Plaintiff dated January 31, 2023; the Defendants deny the allegations contained in the communications. The Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 104 of the Complaint.

105. The Defendants admit that IFE sold the house at #5 Indian Farm Road for $1,154,900. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 of the Complaint.

106. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. The Defendants repeat and incorporate all of their responses contained in Paragraphs 1 through 110 set forth above, as well as their response to the first unnumbered

paragraph of the Complaint. The Defendants deny the remaining allegations contained in Paragraph 111 of the Complaint.

112. Paragraph 112 of the Complaint sets forth how the Plaintiff will define a term in the Complaint, and as such, no response is required. To the extent a response is necessary, the Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. The Defendants repeat and incorporate all of their responses contained in Paragraphs 1 through 132 set forth above, as well as their response to the first unnumbered paragraph of the Complaint. The Defendants deny the remaining allegations contained in Paragraph 133 of the Complaint.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

## JURY DEMAND

146. The allegations contained in Paragraph 146 of the Complaint set forth the Plaintiff's demand for a jury trial to which no response is required.

The allegations contained in the "WHEREFORE" clause following Paragraph 146 of the Complaint set forth the Plaintiff's demand for relief to which no response is required. To the extent

a response is required, the Defendants deny that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause following Paragraph 146 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted, and its claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations, or by the doctrines of waiver, estoppel, ratification, and laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim because it has not sufficiently pled and cannot prove that the works at issue are substantially similar.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred from recovery by its own acts, omissions, and course of conduct.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrine of merger.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrine of scènes à faire.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim because the Plaintiff has not adequately alleged and cannot prove causation.

*EIGHTH AFFIRMATIVE DEFENSE*

Plaintiff fails to state a claim because the Plaintiff has not properly alleged the content of the copyright work it contends was infringed.

*NINTH AFFIRMATIVE DEFENSE*

Plaintiff fails to state a claim because the Plaintiff has not adequately pled and cannot prove actionable copying of the allegedly infringed works.

*TENTH AFFIRMATIVE DEFENSE*

Plaintiff fails to state a claim because the external renderings of the allegedly infringing house designs are excluded from copyright protection under the Architectural Works Copyright Protection Act.

*ELEVENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred, in whole or in part, based on the doctrine of apportionment.

*TWELFTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

*THIRTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred or reduced because Defendants were justified in engaging in the conduct, if any, alleged in the Complaint.

*FOURTEENTH AFFIRMATIVE DEFENSE*

The Complaint must be dismissed, in whole or in part, because the Plaintiff's work is not an original work of authorship.

*FIFTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred to the extent that it has failed to mitigate its damages, if any, in whole or in part.

*SIXTEENTH AFFIRMATIVE DEFENSE*

The Defendants reserve the right to assert additional defenses which cannot now be articulated due to Plaintiff's failure to particularize its claims; or due to the fact that the Defendants do not have copies of critical documents bearing on Plaintiff's claims; or due to Plaintiff's failure to provide more specific information concerning the nature of the underlying claims against the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff by granting the following relief:

i. Dismissal of Plaintiff's Complaint with prejudice as to the Defendants;

ii. Awarding reasonable attorneys' fees and costs incurred by the Defendants to defend this matter as permitted by law or equity; and

iii. Such other further relief as this Court deems just and appropriate.

## JURY DEMAND

The Defendants demand a trial by jury.

Respectfully Submitted,

INDIAN FARM ESTATES, LLC and JAMES MARTORILLI,

By their counsel,

November 14, 2024

/s/ Jason W. Morgan
Jason W. Morgan (BBO #633802)
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, Massachusetts 02111
Telephone: (617) 217-4621
Facsimile: (617) 217-4710
jason.morgan@nelsonmullins.com

-16-

## **CERTIFICATE OF SERVICE**

      I, Jason W. Morgan, hereby certify that on this 14th day of November, 2024, I caused to be served a copy of the foregoing document upon all counsel of record, *via* email, at the following address:

| | |
|---|---|
| Jeffrey S. Baker, Esq. | Louis K. Bonham, Esq. |
| Baker and Associates | Osha Bergman Watanabe & Burton LLP |
| 2 West Hill Place, Suite 100 | 1100 Louisiana Street, Ste. 4900 |
| Boston, MA 02114 | Houston, Texas 77002 |
| bakerlaw@aol.com | bonham@obwbip.com |

                              /s/ Jason W. Morgan
                              Jason W. Morgan